David R. Russell #8223
900 Fort St., Ste. 810
Hmolulu, HI 96813
(808)533-4447
brussell7L@hotmail.com

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF HAWAII**

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

FEB 27 2009

at 3 o'clock and ___ min ½ M.
SUE BEITIA, CLERK

| | |
|---|---|
| **HANNA MELIA LEVITZ,**<br>**On Behalf of Herself**<br>**and All Others Similarly Situated,**<br><br>　　　　　**Plaintiff,**<br><br>　　　-vs-<br><br>**TRAVELOCITY.COM, LP;**<br>**TRAVELOCITY.COM, INC.;**<br>**and JOHN DOES 1-20,**<br><br>　　　　　**Defendants.** | Civil Action No. **CV09 00086**<br><br>**JURY TRIAL REQUESTED**<br><br>**HG BMK** |

### CLASS ACTION COMPLAINT

Plaintiff ("Plaintiff"), by and through her attorneys, on behalf of herself and all others similarly situated, brings this Class Action Complaint against the above-listed Defendants and alleges as follows:

## I.   INTRODUCTION TO THE ONLINE TRAVEL INDUSTRY

1.   Plaintiff Hanna Melia Levitz is a resident of Hawaii.  Her address is 2579 Kekuanoni St, Honolulu, HI, 96813.  Plaintiff booked hotel accommodations for approximately August 29-31, 2008 at the Royal Kona Resort in Kailua, HI 96740.  The accommodations were booked through the Travelocity Defendants on Travelocity.com.

2.   Defendant Travelocity.com, LP is a Delaware partnership with its principal place of business in Texas and operates businesses which center upon the sale of travel-related products and services to consumers through United States-based websites and through telephone

# ORIGINAL

call centers. These products and services include hotel reservations, airline tickets, and rental cars.

3.    Defendant Travelocity.com, Inc. is a Delaware corporation with its principal place of business in Texas and operates businesses which center upon the sale of travel-related products and services to consumers through United States-based websites and through telephone call centers. These products and services include hotel reservations, airline tickets, and rental cars.

4.    Defendants have collected many millions of dollars in purported taxes from consumers and travelers who have purchased hotel accommodations located in the State of Hawaii from the Defendants. Defendants only paid a portion of this money to the hotels for remittance to the taxing authorities. Millions of dollars were never paid to any government taxing authority. Instead, Defendants have pocketed these monies collected as purported taxes, and supposedly based on calculations of state and local tax rates in the State of Hawaii.

5.    The true names and capacities, whether individual, corporate, associate or otherwise, of each of the Defendants designated herein as a JOHN DOE are unknown to Plaintiff at this time and therefore said Defendants are sued by such fictitious names. Plaintiff will ask leave of the Court to amend this Complaint to show their true names and capacities when the same have been ascertained. Plaintiff is informed and believes, and thereupon alleges, that each of the Defendants designated herein as a JOHN DOE is legally responsible in some manner and liable for the events and happenings herein alleged and in such manner, proximately caused damages to Plaintiff as hereinafter further alleged.

6.    Plaintiff is informed and believes, and thereon alleges, that some of the unnamed Defendants, including some or all JOHN DOE defendants, at all times herein mentioned, were

acting as the agent, servant and employee of some or all of the other Defendants and within the scope of said agency and employment (collectively the "Agent Defendants"). Plaintiff is further informed and believes, and thereon alleges, that at the time and place of the matters described, each of the Agent Defendants, their agents, servants and/or employees became liable to Plaintiff for one or more of the reasons described herein.

## II.    NATURE OF THE CASE

7.    Fundamentally, this case is simple. Defendants charge and collect taxes and fees based on the retail rates they charge for hotel rooms, but Defendants only remit taxes and fees based on the wholesale rates they paid for the hotel rooms. In doing so, under the guise of taxes, Defendants have reaped a windfall from consumers amounting to millions of dollars collected as purported "tax recovery charges."

8.    Defendants have either: a) applied the state and local tax rates to the gross or retail hotel rate to determine "tax recovery charges" and "service charges," or b) used formulas that charge customers "tax recovery charges" and "service charges" equal to or in excess of what taxes would be if based on such gross or retail rates. In other words, Defendants charge consumers taxes in amounts at or above the retail rate. Defendants do this despite the fact that it only remits taxes based on the net or wholesale room rates.

9.    Thus, Defendants intentionally charge consumers amounts for "taxes and fees" that it has no intention of paying as taxes and/or tax-related fees. It is a scam.

10.    On top of this overcollection of monies using tax rate percents on the gross hotel rates that Defendants have no intention of paying, Defendants also never itemize the "tax recovery charges" and "service fees." Instead, they lump these together as one charge.

Defendants have concealed and continue to conceal the amount they actually paid and continue to pay in taxes from all consumers, thereby furthering the scheme.

11.  Consumers have no way of knowing that Defendants are charging and collecting amounts based on the state and local tax rates applied to the gross retail rates, yet the taxes actually paid are only based on the wholesale room rates.

12.  Specifically, Defendants do not disclose any of the following: (1) the wholesale rate, (2) the fact that they only pay taxes on the wholesale rate, (3) the Service Fee, (4) the amount that Defendants pay to the hotel for taxes associated with the reservation.

13.  Consumers have no way of determining how much was being paid in taxes, and, thus, how much of the charged "taxes and fees" was improperly being converted by Defendants.

14.  Defendants also do not disclose the nature, purpose, or amount of their "Service Fees." Instead, Defendants have structured their websites and invoices in a manner which obscures this information and creates the impression that the "Service Fees" are actually required charges associated with costs that Defendants incurs in servicing hotel reservations.

15.  Defendants thereby intend to, and do, mislead consumers into believing that the "Service Fee" is required and is associated with legitimate services provided by Defendants, when in fact that is not the case.

16.  Defendants describe their Service Fees or Recovery Charges as charges to cover costs incurred by Defendants in servicing the reservation. In reality, the service fees charged by Defendants are arbitrary, bear no relation to any service costs, and are in excess of any legitimate fees or costs associated with Defendants' purported service.

17.  By obscuring the true nature of the "Taxes & Service Fees" paid by consumers, including Plaintiff and the putative class defined herein, and by assessing taxes and fees in excess

of the actual taxes and fees incurred and paid in connection with the reservation, Defendants have engaged in unfair and deceptive acts and practices in violation of Chapter 480 of Hawaii's Revised Statutes, "Unfair Competition and Practices."

18. Defendants have also breached their contracts with consumers, have unlawfully converted consumers' money for their own use and benefit, and have been unjustly enriched at their expense, among the other legal violations asserted below.

19. At all times relevant herein, Plaintiff was a resident of Hawaii.

20. During the Class Period, Plaintiff reserved and paid for one or more hotel rooms through the Travelocity Defendants.

21. In connection with such reservation, Defendants imposed, and Plaintiff paid, an improper and excessive "Taxes & service fees" charge.

### III. JURISDICTION AND VENUE

22. This Court has subject matter jurisdiction over this matter. Under Section 28 U.S.C. § 1332 as amended by the Class Action Fairness Act, this Court has "original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000.00, exclusive of interest and costs and is a class action in which . . . any member of a class of plaintiffs is a citizen of a state different from any defendant."

23. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 because a substantial portion of the events and omissions giving rise to this Complaint occurred within the District of Hawaii.

### IV. DEFENDANT'S KNOWLEDGE AND INTENT TO DECEIVE

24. At all times relevant herein, Defendants were aware that the amounts they represented as taxes were in excess of the amounts that it actually paid or intended to pay for taxes.

{04027528.DOC}

25. By lumping the "Taxes & Service Fees" together into one line item, Defendants intended to, and did, knowingly make false representations to Plaintiff and the putative Class members, misleading them into believing that the taxes were required charges imposed by the applicable taxing authorities and/or collected by hotels.

26. By lumping together "Taxes & Service Fees" Defendants intended to, and did, knowingly make false representations to Plaintiff and the putative Class members, misleading them into believing that the "service fees" were required charges and that they were associated with legitimate services provided by Defendants.

## V. THE CLASS AND COMMON QUESTIONS OF LAW AND FACT

27. Plaintiff brings this class action on behalf of herself and all members of the following class (the "Class"): All persons and entities throughout the United States who were assessed "Taxes & Service Fees" by Defendants when paying for lodging in the State of Hawaii for the time period of January 1, 1999-present.

28. Plaintiff believes that the Class includes thousands of consumers and businesses across the United States, though the exact number and the identities of the Class members are currently unknown.

29. The members of the Class are so numerous that joinder of all Class members is impracticable.

30. Common questions of law and fact exist as to all members of the Class and predominate over any questions affecting solely individual members of the Class. Nearly all factual, legal, and statutory relief issues raised in this Complaint are common to each of the members of the Class and will apply uniformly to every member of the Class.

{04027528.DOC}

Among the questions of law and fact common to the Class are:

- Whether Defendants' conduct is uniformly unfair, deceptive, or misleading;

- Whether Defendants engaged in deceptive acts or practices in the marketing and sale of hotel rooms through the uniform practice of overcharging consumers for the "Taxes & Service Fees" associated with room reservations;

- Whether Defendants failed to disclose and/or concealed the actual amount of taxes owed and paid to the taxing authorities and/or collected by the hotels;

- Whether Defendants fraudulently concealed the unlawful and/or wrongful conduct alleged herein;

- Whether Defendants' conduct as alleged herein constitutes unfair or deceptive acts or practices in the conduct of commerce within the meaning of Hawaii's Deceptive Practices Act;

- Whether Defendants' conduct as alleged herein amounts to a breach of Defendant's contracts with Plaintiff and the Class;

- Whether Defendants' conduct as alleged herein amounts to a conversion of Plaintiff's and the Class' property;

- Whether Defendants were unjustly enriched at the expense of Plaintiff and the Class as a result of the unlawful and/or wrongful conduct alleged herein;

- Whether Plaintiff and the Class have sustained damages, and the proper measure of those damages;

- Whether Plaintiff and the Class are entitled to the imposition of a constructive trust, and whether permanent and/or preliminary injunctive relief should be issued as a result of Defendants' unlawful conduct; and,

- Whether, and in what amount, Plaintiff and the other Class members are entitled to recover treble damages, court costs, and attorneys' fees.

31.    In addition, the "Taxes & Service Fees" charge at issue in this lawsuit is calculated

by Defendants using the same automated process for every consumer and every transaction.

Accordingly, the same process that would be used to calculate one consumer's damages is just as

easily used to calculate the damages suffered by every consumer throughout the country.

32.     Plaintiff's claim is typical of the claims of other members of the Class because Plaintiff and every member of the Class have suffered similar injuries as a result of the same unfair or deceptive acts or practices alleged herein.  Plaintiff has no interest adverse to the interests of the other members of the Class.

33.     Plaintiff will fairly and adequately represent and protect the interests of the Class.  Plaintiff has retained able counsel with extensive experience in class action litigation. The interests of Plaintiff are coincident with, and not antagonistic to, the interests of the other Class members.

34.     The questions of law and fact common to the members of the Class predominate over any questions affecting only individual members, including legal and factual issues relating to liability and damages.

35.     Plaintiff and other members of the Class have suffered damages as a result of Defendants' unlawful and wrongful conduct.  Absent a class action, Defendants will retain substantial funds received as a result of their wrongdoing, and such unlawful and improper conduct shall, in large measure, go unremedied.  Absent a class action, the members of the Class will not be able to effectively litigate these claims and will suffer further losses, as Defendants will be allowed to continue such conduct with impunity and retain the proceeds of its ill-gotten gains.

36.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy because joinder of all Class members is impracticable. Moreover, because the damages suffered by individual members of the Class may be relatively small, the expense and burden of individual litigation make it impossible for members of the Class to individually redress the wrongs done to them.  The Class is readily definable, and

prosecution of this action as a class action will eliminate the possibility of repetitious litigation. There will be no difficulty in the management of this action as a class action.

37.     The preceding allegations are re-alleged and incorporated by reference as if fully set forth herein.

38.     Defendants have fraudulently concealed their unfair and deceptive acts and practices from the Class.  In particular, Defendants have fraudulently concealed the amount of legitimate taxes owed to the applicable taxing authorities and/or the hotels; their unlawful assessment and collection of charges in amounts greater than those charged by the applicable taxing authorities and/or the hotels; the nature, purpose, and amount of the legitimate service fees, if any, associated with each transaction; and its unlawful assessment and collection of service fees in excess of any legitimate fees associated with Defendants' purported service.

39.     Defendants lumped "Taxes & Service Fees" into a single line item to obscure the amount of the legitimate taxes imposed by the taxing authorities and/or the hotels and the nature, purpose, and amount of the purported service fees, and to effectuate the excessive taxes & fees scheme.

40.     By lumping the "Taxes & Service Fees" together Defendants intended to, and did, create the false impression, and mislead Plaintiff and the Class into believing, that taxes were charged on the Consumer Rate in an amount required by the applicable taxing authorities and/or the hotels.

41.     By lumping the "Taxes & Service Fees" together Defendants also intended to, and did, create the false impression, and mislead Plaintiff and the Class into believing, that the alleged service fees were a required charge and that they were associated with legitimate services provided by Defendant.

{04027528.DOC}

42.     At all times relevant herein, Defendants were aware that the amounts they represented as "Taxes & Service Fees" were in excess of the actual taxes imposed on each transaction by the applicable taxing authorities and/or collected by the hotels, and the legitimate service fees, if any, associated with each transaction.

## COUNT I
## CONSUMER FRAUD:
## VIOLATIONS OF HAWAII'S DECEPTIVE TRADE PRACTICES ACT

43.     Plaintiff repeats and re-alleges, as if fully set forth herein, each and every allegation contained in the above paragraphs and further allege as follows.

44.     In course of its promotion, marketing and sales transactions of Hawaii hotel rooms to Plaintiff and members of the Class, the Defendants engaged in deceptive trade practice as defined by HRS § 480-2: "Unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are unlawful." Section (b) of § 480-2 provides that Hawaii's consumer protection statute shall be construed with consideration of the Federal Trade Commission Act: "In construing this section, the courts and the office of consumer protection shall give due consideration to the rules, regulations, and decisions of the Federal Trade Commission and the federal courts interpreting section 5(a)(1) of the Federal Trade Commission Act (15 U.S.C. 45(a)(1)), as from time to time amended."

45.     Plaintiff and the other consumers included in the class have standing to pursue relief in this action, as any consumer "may bring an action based upon unfair or deceptive acts or practices declared unlawful by this section." *Id.*

46.     Additionally, in the course of its promotion, marketing and sales transactions of Hawaii hotel rooms to Plaintiff and members of the Class, Defendants knowingly made

false and misleading statements of fact concerning the price of the rooms, the "services," the taxes, and the "fees" relating to such room purchases.

47.     Additionally, in course of its promotion, marketing and sales transactions of Hawaii hotel rooms to Plaintiff and members of the Class, the Defendants knowingly made other false representations consisting of written statements of charges and other documents (including electronic mails and invoices), all in violation of HRS § 480.

48.     Defendants' false and misleading statements related to charging taxes and fees resulted in lower apparent room rates, thereby enticing consumers to purchase rooms from the Defendants. Defendants then obscured their own charges in the "taxes and fees" lines of their electronic documents to consumers, so that consumers will not see the full and actual amounts the Defendants were charging them for the rooms, as opposed to charges that were pass-through charges that would go to the government(s) as taxes.

49.     Defendants have taken some of the amounts that Plaintiff and members of the Class thought they were paying to the government and retained them as their own improperly obtained profits.

50.     If Defendants' practices were legal, which they are not, there would be nothing to stop all retailers from overcharging consumers for taxes and then pocket the overcharges as profits. Grocery stores could charge $2.00 for milk and then charge them an additional $2.00 as supposed "taxes and fees" at the checkout counter. Because Defendants' practices are illegal and out of line with customary retail practices, it makes them more confusing and misleading to consumers, who do and reasonably could assume that monies charged as "taxes and fees" actually go to the government as taxes and related fees.

51.     Defendants' practices with respect to calculating and charging consumers falsely inflated amounts as taxes and fees, without any intention of remitting such amounts as taxes and fees, offends established public policy and are oppressive, unethical, unscrupulous and substantially injurious to consumers.

52.     The above-mentioned violations of the Hawaii Unfair Competition and Practices Act have caused Plaintiff and the Class economic injury and other damages.  Plaintiff and the Class remain vulnerable to the ongoing violations and are likely to be damaged by these unfair and deceptive trade practices unless injunctive relief and other equitable remedies are granted by the Court.

## COUNT II
## BREACH OF CONTRACT

53.     The preceding allegations are re-alleged and incorporated by reference as if fully set forth herein.

54.     Plaintiff and the members of the Class entered into agreements with Defendants — which are reflected in hotel reservation statements and other documents — whereby Plaintiff and the Class agreed to pay applicable room charges, taxes, and reasonable fees corresponding to the services rendered.

55.     Defendants charged, and Plaintiff and the members of the Class paid, "Taxes & Service Fees" charges in excess of the taxes imposed by the applicable taxing authorities and/or collected by hotels, and in excess of any legitimate and/or reasonable fees associated with Defendants' purported service.

56.     Plaintiff and the members of the Class performed all of their obligations under contracts with Defendants.

{04027528.DOC}

57.     Defendants have breached their contracts with Plaintiff and the members of the Class by collecting charges in excess of those required to be collected and remitted to the appropriate taxing authorities and/or hotels, and in excess of any legitimate and/or reasonable fees associated with Defendants' purported service.

58.     Plaintiff and the members of the Class have been proximately damaged by Defendants' breaches.

### COUNT III
### CONVERSION

59.     The preceding allegations are re-alleged and incorporated by reference as if fully set forth herein.

60.     At all times relevant herein, Defendants have been, and continue to be, in possession of monies rightfully belonging to Plaintiff and members of the Class.

61.     Defendants have taken these monies for their own use and benefit, thereby permanently depriving Plaintiff and the members of the Class of the use and benefit thereof.

62.     Plaintiff and the members of the Class are entitled to a return of these monies.

63.     As a direct and proximate result of Defendants' conduct, Plaintiff and the members of the Class have suffered, and will continue to suffer, damages in an amount to be proven at trial.

### COUNT IV
### UNJUST ENRICHMENT

64.     The preceding allegations are re-alleged and incorporated by reference as if fully set forth herein.

65.     Defendants have been, and continue to be, unjustly enriched as a result of its assessment and collection of charges in amounts greater than those charged by the applicable taxing authorities and/or collected by the hotels, and in excess of any legitimate fees associated with Defendants' purported service.

{04027528.DOC}

66.     Defendants have been, and continue to be, enriched at the expense of Plaintiff and the Class, who paid the excessive taxes and service fees.

67.     Equity and good conscience militate against Defendants' continued retention of these ill-gotten gains.

68.     Plaintiff and the Class seek full restitution of the enrichment, benefits, and ill-gotten gains Defendants have acquired as a result of the unlawful and wrongful conduct alleged herein.

WHEREFORE, Plaintiff, on her behalf and on behalf of the Class, prays for judgment as follows:

(a)  for an Order certifying this case as a class action against Defendants and appointing Plaintiff as a Representative of the Class;

(b)  for money damages (including all damages and attorneys fees allowable under Hawaii's Act) against Defendants and in favor of Plaintiff and the Class on all claims asserted in this Complaint;

(c)  for disgorgement and restitution plus interest due thereon at the legal rate and/or as established by each Class members' transient occupancy taxes;

(d)  for costs and fees of the suit incurred herein;

(e)  for pre-judgment and post-judgment interest to the extent allowed by law;

(f)  for penalties as allowed by law;

(g)  for preliminary and permanent injunctive relief to enjoin further violations of the law; and,

(h)  for such other and further relief as this Court may deem just and proper.

Dated this _27th_ day of February, 2009.

William Q. Bird
Georgia State Bar No. 057900
Jennifer A. Kurle
Georgia State Bar No. 140812

**BIRD LAW GROUP, P.C.**
2170 Defoor Hills Road
Atlanta, Georgia  30318
(404) 873-4696

David B. Russell
Hawaii State Bar No. 8223

**Law Offices of Brad Russell**
900 Fort Street, Suite 810
Honolulu, HI 96813
(808) 533-4447

Donald L. Wilkerson
Hawaii State Bar No. 5730

**Law Offices of Donald L. Wilkerson**
**A Law Corporation**
900 Fort Street
Honolulu, HI 96813
(808) 533-4447

{04027528.DOC}